Case number 2, which is Maldonado v. Baker County Sheriff's Office, 20-12605. And I see that we have, I'm going to ask your indulgence, Ms. Baranuski, score, Ms. Baranuski here for the appellants, and Mr. Carson here for the appellees. Ms. Baranuski, whenever you're ready. No hurry. May it please the Court, Elyse Baranuski for Plaintiffs' Appellants Hamza Maldonado and James Hill. Mr. Maldonado and Mr. Hill filed an action in Florida State Court alleging serious violations of their federal and state constitutional rights to free exercise of claims in Florida State Court. Defendants chose to remove this case to federal court and paid the federal filing fee. While everyone agrees that defendants were required to and did pay the federal filing fee upon removal, the district court found that Mr. Maldonado's claims could not proceed unless he paid the federal filing fee, citing 28 U.S.C. section 1915G. As the Tenth Circuit squarely concluded in Woodson, nothing in section 1915G justifies that result. This section, by its plain language, applies when a prisoner brings a civil action or appeal under this section, that is, under section 1915, the federal IFP statute. Mr. Maldonado has not done that here. Where defendants brought this case into federal court and paid the filing fee, section 1915G does not provide some freestanding basis for dismissing a prisoner's suit, and the district court's basis for dismissing Mr. Hill's claims is equally unsound. Unanimous Supreme Court in Jones v. Bach made clear that plaintiffs, like Mr. Hill, have absolutely no obligation to plead exhaustion, as it is an affirmative defense that defendants must plead and prove. Here, Mr. Hill's pro se statement on exhaustion, which again was not required, is not crystal clear, but because it is possible to read Mr. Hill's complaint as consistent with exhaustion, and defendants don't contest that it's possible, defendants could not rely on the complaint alone to prove that they were entitled to their affirmative defense. Defendants are free to make other arguments on remand, but the arguments in their motion to dismiss, the arguments before this court today, do not suffice to hand them a victory at this early stage. We respectfully request that this court reverse the district court's order of dismissal and remand for further proceedings. So can I ask you a question? Isn't really the crux of the case here fall on what the definition of the word bring means? Absolutely, Your Honor. And this court has spoken to the definition of the word bring. In Harris v. Garner, this court sitting on Bonk said that the words bring a civil action or appeal in section 1915G have been held to mean the filing of a suit or appeal, not its continuation. And in White v. Lemma, this court interpreted the next load-bearing phrase in the statute under this section, and it said that under this section means under section 1915's grant of IFP status. And the only circuits to address this issue agree. The 10th Circuit in Woodson said that state court plaintiffs whose cases are removed to federal court have no obligation to pay a filing fee, and nothing in the federal IFP statute is to the contrary. In the 9th Circuit in Harris v. Mangum, addressing a related issue, also noted that section 1915G does not prevent an indigent prisoner-plaintiff with three strikes from proceeding in a case that someone else has filed in federal court. And recently in Hill v. Madison County, Judge Easterbrook, interpreting section 1915G, noted that language sets limits, and bring means to commence something, not to prosecute it. If there are no further questions on section 1915G, Your Honors, I would like to speak to the matter of exhaustion. Here, Mr. Hill said in the complaint that there is no grievance remedy for Mr. Hill, because the denial at issue is absolute. We know what he was trying to say. He was trying to say that he exhausted. At docket number 19, page 2, Mr. Hill said that he exhausted all remedies just like Mr. Maldonado. And in docket number 23, page 2, he said that he did in fact exhaust his remedies. So this is an affirmative defense, Your Honors, and this court, when addressing an affirmative defense, does not find it on the face of the complaint unless it's clear beyond a doubt from the complaint itself that the plaintiff can prove no set of facts which would avoid the defense. And that's simply not clear on this language, Your Honor. And I would note as well that this court has said, when interpreting a pro se complaint, that they are to be held to a less stringent standard and liberally construed. So if there is any uncertainty to that language, I would keep in mind as well that Mr. Hill was proceeding pro se at that point. Your Honors, if there are no further questions, I'll reserve the remainder of my time for rebuttal. Very well. Thank you so much. Mr. Carson, you've got 15 minutes. You might want to start with Judge Lagoa's question about the plain meaning of the word Absolutely. May it please the court, my name is Matt Carson. I represent the Baker County Sheriff's Office, Scotty Roden and Evelyn Bleu, the appellees in this action. There's no easy way to address your question, Judge Lagoa, except to say that I don't see a lot of consistency in the way that courts have addressed how to define bring and how to define brought. They've done it definitively, but it's not been done consistently. The most recent case would be Hill v. Madison County where Judge Easterbrook . . . Isn't the usual definition of bring means to commence an action in the legal world? I would agree with you, except when we look at the way that courts have handled it, when it's useful to the court to get to a resolution, they'll point to Black's Law Dictionary and say commence means to file. When you look at the Hill v. Madison County case, Judge Easterbrook says that defendants brought it to federal court under 1441A, but Section 1915G does not apply to complaints brought to federal court by defendants. I don't know that defendants commenced a legal action by removing it. It'd still be a situation where the plaintiffs commenced the legal action by filing it. The remainder of the section, it's not just . . . I think you're right that the plaintiffs here brought an action, but the statute says brought an action under this section. They didn't bring an action under this section. They brought an action under some provision of state law. To get to that point, I think it's important for the court to look at the overarching goal, the overarching purpose that Congress had in mind when it passed the Prison Litigation Reform Act. Are you forsaking the text in favor of goals and purposes? I would never suggest doing such a thing. I think both positions, appellee's position and appellant's position, requires a slight stretch of the language. The cases that have looked at other issues in the PLRA and in 1915 specifically, where they've had to look at what does bring mean, what has brought mean, doesn't really help this court. It certainly doesn't help my client's position. I'll acknowledge that. When you're bringing an action under this section, you're bringing an action and you're filing it in form of papyrus, correct? I'm sorry, Your Honor? When not you, but when a defendant usually brings an action under this particular section, section 1915, they're bringing it as defined here. It's a proceeding in form of papyrus. Correct. What I would suggest is when a plaintiff seeks and receives in form of papyrus status in state court and that case is then removed to federal court, they are still proceeding as an IFP or under IFP status. That stays that way until such time as a federal court, a federal judge, has an opportunity to review that decision. That's what happens here and that's what happened in the other district court cases that we cited in both our motion below and in our brief here. How do you then say in this case when you removed it under section 1914, that section requires for you to remove it that you have to file a filing fee, correct? This case is no longer proceeding in form of papyrus. There is a filing fee because that's really what it is. It's a filing fee has now been paid. I would suggest this, Your Honor. The first section of 1915, A1, says subject to subsection B, any court of the United States may authorize the commencement, prosecution, or defense of any suit. Obviously, defense wouldn't apply here. There is a reading of the word bring to include commence or prosecute. Our position is that even when the case is removed and the defendants pay a filing fee for that removal, it is still the plaintiff who is prosecuting the case. It is still the plaintiff that is bringing the civil action. What about the provision of 1914, I think it's sub B, that says once the filing fees are paid, no more fees. Here we've got an action that, I don't know, your clients coughed up $400 or whatever it was to get it going. Now the district court says to me it seems like in the face of sub B, I'm going to require another $400. I would say this in response to that, Your Honor. I know you were paraphrasing. I don't think that's precisely what 1914B says. I read 1914B to be a prohibition against the clerk from coming up with other fees that the clerk wants to charge that are beyond those prescribed by the Judicial Conference of the United States. I would look to other . . . You only get . . . That actually was a question that I had because under what authority could you get more than one filing fee? Where is that filing fee going, that extra surplus going? I'm glad you asked. The authority is under the PLRA. The PLRA requires that every prisoner litigant pay a filing fee, either up front if they're a three strikes litigant or with an interest free loan from the government if they're not a three strikes litigant. This court in Hubbard v. Haley required multiple filing fees from multiple prisoner litigants. Now, this court also upheld a ruling that it should be multiple complaints, but in the Seventh Circuit in Boraborne v. Berg, the court allowed multiple prisoner litigant plaintiffs to bring a single multi-plaintiff complaint, yet each one of them had to pay a filing fee. The filing fee that's required under the Prison Litigation Reform Act is not . . . This is my position. I don't have a court case to cite to this specific point. It's not to make sure that the clerk has enough money to administer a case that's filed with it. The purpose of the filing fee, as it relates to prisoner litigants, is to make them stop and think before they file frivolous, meritless, and sportive actions. Well, be that as it may, how is that policy, if we're going to talk about policies, how is that policy advanced here? They didn't want to be in federal court. They're not abusing the federal court system by filing a frivolous lawsuit. Maybe the lawsuit's frivolous. I have no idea, but they filed it in state court. It's for the Georgia courts to deal with. I'm sorry, the . . . Sure. Well, I mean, if he filed a state court action, then it would have remained in state court. But you brought it to federal court. Well, and that's where I don't see that in the Prison Litigation Reform Act or 1915 either, this notion that the purpose of the act is just to prevent folks from filing directly in federal court. The purpose is to reduce the number of meritless and frivolous cases that are . . . The Prison Litigation Reform Act sort of pursues this policy of reducing frivolous litigation at all costs and does so on behalf of states. I wouldn't say . . . I don't know what the second part of your question . . . Well, I mean, I guess there was . . . We know to a certainty that there was no frivolous lawsuit here filed in federal court. And so, to the extent that the policy of the Prison Litigation Reform Act is to prevent the filing of frivolous lawsuits in federal court, which I would think is the only business Congress has regulating this at all, they don't have any business regulating the filing of frivolous lawsuits in state court, do they? Sure, I would agree. But I don't know that I necessarily agree the purpose is to prevent filing in federal court. Again, I don't see that in the language of the statutes that were amended or created by the Prison Litigation Reform Act. And every court that's looked at it has said . . . cases cited by both sides in this litigation have said the purpose is to reduce the number of cases. Now, we had a role in getting it before the federal court, no doubt. A role? We had . . . well . . . You had the role. We could argue about this. The point I would suggest, though, is that if plaintiff doesn't bring a federal claim in state court, we have no opportunity to remove. If the purpose in every case that's looked at this . . . But every litigant has a right to file a federal . . . if they want to file a federal claim in state court, they have the right to do so. We don't have exclusive jurisdiction over federal claims. That's right. And if it stayed there, I wouldn't be able to make these arguments. It's my client's right to seek removal when it's beneficial to them. And in prison litigation cases, specifically, we almost always take advantage of that right. And so, in this case, as Judge Adams noted in his order . . . And that's your right to remove a case, just like it's any defendant's right to remove a case, whether it's a civil case or a criminal case. The point, though, is that once you do and you make that decision, it's a strategic litigation decision you've made to remove a case to federal court, you initiate and you pay a filing fee. Now, you're trying to remove a case in federal court.  Plaintiffs. Right, right, yeah. They didn't commence, but they certainly continued. They certainly prosecuted and they certainly intended to bring it all the way to completion. At every turn . . . Let me ask you this. What was their other path forward? They bring a claim in state court. They want to be in state court. You drag them to federal court. And now you say that, well, they're prosecuting their action. What else are they supposed to do? You brought them to federal court. Are they supposed to just fold? Dismiss? Pay the filing fee. But why? Under what authority? Under 1915G. If we talked about this earlier, forgive me, but what about the provision in 1914A that says that the filing fee is on the parties instituting any civil action, suit, or proceeding in such court, whether by original process, removal, or otherwise? Again, I would just point to those two cases I mentioned earlier where it talks about multiple plaintiffs, all of them prisoners. The court required . . . in one case, the court required 18 filing fees because there were 18 prisoner litigants. So I don't read 1914A or 1914B to necessarily limit Congress's ability to require a filing fee or multiple filing fees in addition to removal or 18 filing fees if you have 18 prisoner litigants in a subsequent legislative act, in a subsequent congressional act, which was 1915G. It seems to me that under 1914A, though, even in your 18 plaintiff case, those are still the parties, plural in the statute, who instituted the civil action. Maybe that's a good reading of the statute. I won't say here from the bench, but maybe that's a fine reading of the statute to make all 18 of them pay because they all collectively instituted the action, but here, the only part of it that instituted the action or the proceeding is you. Look, I know that it's the position that we took below, the position that we're taking here and the position that ultimately the district court held in ruling that the three strikes provision applied goes against at least the direction that these courts seem to be going. Certainly, the Woodson case and then the Mandum case and the Hill case, although they didn't specifically rule on this point, it certainly seems like, given the opportunity, at least that panel would have ruled in this way. Our position was and is that there is a way to read this statute so that it honors the overarching congressional intent of the Prison Litigation Reform Act, which was to prevent this type of litigation. Mr. Maldonado is indisputably a three-striker. By the time Judge Adams entered his order in this case, he had nine active lawsuits against Michael Adams. Let's assume that that's all true. He didn't file in federal court. He filed in state court. If the court rules that that automatically eliminates the provision of 1915G, then there would be no choice but for this court to reverse and remand. I would suggest, though, that in the second part of 1915G, where it talks about what cases are we going to allow to be counted as strikes, it specifies that the cases have to have been brought in a court of the United States. Congress made no such limitation on the first portion of 1915A when it says under no or in no event shall a prisoner bring civil action. If I could, I know I just have a little over a minute left as it relates to Mr. Hill's claim, which I don't know is as interesting to the panel as the three strikes claim. There is no fair reading of the complaint or supporting documents that leads to any determination other than Mr. Hill failed to exhaust his administrative remedies. More importantly for this court, that dismissal was without prejudice. It's my belief that even today, Mr. Hill could refile a complaint where he says, I did exhaust my administrative remedies or remain silent on the issue. In the complaint he filed, he admitted that he did not exhaust his administrative remedies. I don't know that this is actually properly before the court in as much as that was a dismissal without prejudice. To date, Mr. Hill has not chosen to refile, but it's my understanding that he still has that opportunity if he so chooses. Thank you. Thank you very much. Ms. Baranowski, you have lots of time on rebuttal if you want it. Thank you, Your Honors. Just a few points. This court and questions of statutory interpretation begins and often ends with a statutory text. Section 1915G is no exception to that general rule. Coleman V. Tollefson, the Supreme Court, said we have to look at what the section quote from my friend on the other side is a plausible reading of the statutory text. There's certainly no uncertainty about what brought means. Recently in its en banc opinion in Hover v. Marks, this court said, and I quote, brought, of course, refers to the initiation of legal proceedings in a suit. Insofar as defendants are relying on policy arguments to urge this court to depart from the text and create a circuit split, I'd like to respond to those arguments about what Congress intended here is correct. In Woodson, the Tenth Circuit explicitly rejected the end run argument that defendants are making here, explaining that the policy purpose of section 1915G is not subverted by allowing a removed suit to proceed without the plaintiff paying a filing fee because the three strikes rule is to deter prisoners from filing meritless lawsuits in federal court and is not offended by the plaintiff pursuing a claim IFP in state courts. And the text Congress enacted is the best indication of Congress's intent. In that text, which limits section 1915G to actions brought under the federal IFP statute, evinces an intent to manage access to the federal courts while leaving states free to make their own choices regarding the payment of fees to access state courts. Our reading of the text, which would avoid nullifying the broader access to courts provided by some state schemes, best aligns with that federalist purpose. And second, arguments about what Congress intended, even if correct, cannot override the plain text of the statute. As the Supreme Court has said, no statute pursues its purpose at all costs. And when the words of the statute are clear, this court presumes that Congress said what it meant and meant what it said. But surely you can see the end-run argument. If 1915G is designed to prevent or severely limit the filing of frivolous lawsuits by prisoners in federal court, here we are with a prisoner lawsuit in federal court, and let's just assume for the sake of argument that we have a frivolous lawsuit. If that is true, then we have an end-run around the statute. I'm not sure that I agree with that, Your Honor. I think I would note that defendants are the ones who chose to burden the federal courts here, not the plaintiffs. And I think an end-run implies an intention to somehow get some backdoor into the federal courts, when I think the record here shows exactly the opposite. Mr. Maldonado has twice tried to remand this case to state court and would prefer to be litigating this in state court. And I would also note that in Miller v. Donald, where a district court says, you know, even looking beyond the text of 1915G, if we just look at the purpose there, we think we can of quote-unquote 1915G plus sanctions was not a fair reading of the statute and urged that a perceived deficiency in section 1915G is not an invitation for district courts to improve upon the statute. And we think that reasoning applies here just as well. In short, defendants' arguments about purpose just beg the question and in any event cannot overcome the plain text. This court has no reason to create a circuit split on this straightforward issue of statutory interpretation. If there are no further questions, we ask this court to reverse the district court's order and remand for further proceedings. Thank you both very much. Interesting case, well argued. We'll submit that case and move to the third case of the day, which